

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-11-0136-CR
_____

LOSARO SANDOVAL, JR. AKA LASARO SANDOVAL, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 181ST District Court
Potter County, Texas
Trial Court Cause No. 49,915-B, Hon. John B. Board, Judge Presiding

March 7, 2013

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Losaro Sandoval, Jr. a/k/a Lasaro Sandoval, Jr., was convicted by a jury of aggravated assault on a public servant with a deadly weapon,[1] enhanced by two prior felony convictions,[2] and sentenced to fifty years confinement. Sentence was

---

[1] TEX. PENAL CODE ANN. § 22.02(a)(2), (b)(2)(B) (WEST 2011). As indicted, the offense was a first degree felony.

[2] TEX. PENAL CODE ANN. § 12.42 (WEST SUPP. 2012).

imposed on November 17, 2005. Appellant's original attempt to appeal his conviction was dismissed by this Court because his notice of appeal was not timely filed. *Sandoval v. State*, No. 07-06-0187-CR, 2006 Tex. App. LEXIS 4233 (Tex.App.— Amarillo May 16, 2006, no pet.). Appellant subsequently perfected this appeal after the Texas Court of Criminal Appeals granted him an out-of-time appeal. *Sandoval v. State,* No. AP-76,512, 2011 Tex. Crim. App. Unpub. LEXIS 166 (Tex.Crim.App. 2011, March 9, 2011). By two issues, he contends (1) the jury charge's failure to define "serious bodily injury" caused him fundamental egregious harm and (2) the order to pay court-appointed attorney's fees is not supported by legally sufficient evidence.

By letters dated January 10, 2012, Appellant's counsel requested both the original official court reporter, Brenda House Gouge, and the District Clerk, Caroline Woodburn, to forward to this Court State's Exhibit No. 10, a knife, for use in Appellant's appeal. *See* TEX. R. APP. P. 34.6(d). Appellant's counsel notified this Court, via his brief, that resolution of the issue concerning the egregiousness of any harm arising from the failure to define serious bodily injury would require an examination of that exhibit.[3]

In determining whether jury charge error is egregious, we consider the entirety of the charge itself, the evidence, including the contested issues and weight of the probative evidence, the arguments of counsel and any other relevant information revealed by the record as a whole. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App. 1985). *See also Chaney v. State*, 314 S.W.3d 561, 568 (Tex.App.—

---

[3]Although the Reporter's Record contains a tab which reads, "STATE'S EXHIBIT NO. 10 KNIFE," the record does not include a photograph of the knife. During testimony the knife was variously described as a "pocket knife," a "small pocket knife," a "large folding pocket knife," a "deadly weapon," and a "buck knife." At the same time, its cutting capabilities were described as "pretty dull," "won't cut butter," "antique," and "more than dull." Accordingly, we are left to speculate about this piece of evidence.

Amarillo 2010, pet. ref'd). Whether or not the precise instrument used in the instant assault was a deadly weapon was an issue contested at trial. Because a deadly weapon can include a knife capable of causing serious bodily injury, TEX. PENAL CODE ANN. 1.07(17)(B) (WEST SUPP. 2012), an examination of that evidence is critical to the resolution of this appeal.

Despite appropriate and timely requests, to date, State's Exhibit No. 10 has not been forwarded to this Court. Accordingly, this Court recently made inquiry of both the current official court reporter and the District Clerk as to the status of Appellant's request for a supplemental record. In response to our request, we have been informed that State's Exhibit No. 10 cannot be located. The current court reporter did advise this Court that a knife was located in the evidence bin of the 181st District Court; however, she is unable to certify that knife as being State's Exhibit No. 10, admitted in the trial of this cause. Accordingly, we now abate this proceeding and remand the cause to the trial court for further proceedings. Upon remand, the trial court shall utilize whatever means necessary to determine whether State's Exhibit No. 10 has been lost.

Should it be determined that States Exhibit No. 10 has not been lost, that exhibit shall be transmitted to this Court forthwith via a Supplemental Reporter's Record on or before April 1, 2013. Should it be determined that State's Exhibit No. 10 cannot be found, the trial court shall proceed to determine if the parties can agree to correct the inaccuracy in the reporter's record, to-wit: the missing exhibit, without the court reporter's recertification. See Tex. R. App. P. 34.6(e)(1). If the parties cannot agree on whether or how to correct the reporter's record so that the exhibits are accurate, the trial court must, after notice and hearing, settle the dispute by determining whether a

replacement exhibit can accurately duplicate with reasonable certainty the original exhibit. *See* Tex. R. App. P. 34.6(e)(2) and (f)(4). If the trial court's resolution of the dispute is that the exhibit is lost, then the trial court shall enter findings of fact and conclusions of law and shall cause those findings and conclusions to be included in a supplemental clerk's record to be filed with this Court no later than April 18, 2013. If a supplemental clerk's record containing those findings and conclusions is not filed in accordance with this order, this matter will be referred to this Court for further proceedings in accordance with Rule 34.6(f) of the Texas Rules of Appellate Procedure.

It is so ordered.

Per Curiam

Do not publish.